IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **VALERIE L.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 19-3373** |
| v. | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |
| | *********** | |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND**

Plaintiff Valerie L. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 14).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 13) is **GRANTED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

On February 17, 2016, Administrative Law Judge ("ALJ") Mary Forrest-Doyle held a hearing in Baltimore, Maryland, where Plaintiff and a vocational expert ("VE") testified. R. at 63-107. The ALJ thereafter found on June 29, 2016, that Plaintiff was not disabled from her alleged onset date of disability of June 1, 2010, through the date last insured of December 31, 2014. R. at 39-62.

Plaintiff then requested review by the Appeals Council (the "AC"), which granted review and found on October 9, 2019, that she was not disabled from June 1, 2010, through December 31, 2014. R. at 1-33. In so finding, the AC found that Plaintiff had not engaged in substantial, gainful activity from June 1, 2010, through June 29, 2016, and that she had severe impairments. R. at 7-8. The AC found however, that, through the date last insured, she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 8-11.

The AC then found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except she can never climb ladders, scaffolds, and ropes; she can occasionally climb ramps and stairs; she may stand and walk with normal breaks for four hours in an eight-hour workday; she may sit for a maximum for four hours in an eight-hour workday; she cannot perform foot control operation bilaterally; she can perform frequent handling bilaterally; she needs a sit/stand option every 15 minutes, either changing positions while seated or moving from a sitting position to a standing position at will; she cannot balance as defined in the Selected Characteristics of Occupations (SCO); she can occasionally stoop and crouch; she cannot kneel and crawl; and she is limited to occasional changes in the work setting and only occasional interaction with the public and co-workers.

2

R. at 11.² In light of this RFC and the VE's testimony, the AC found that, although she could not perform her past relevant work as a dialysis technician and retail store manager, Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a mail clerk, routing clerk, addresser, or telephone quotation clerk. R. at 21-23. The AC thus found that Plaintiff was not disabled from June 1, 2010, through the date last insured of December 31, 2014. R. at 24. The AC's decision thus became the Commissioner's final decision. *See* 20 C.F.R. § 404.981.

Plaintiff filed on November 24, 2019, a complaint in this Court seeking review of the Commissioner's final decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## **Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in

---

² "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is

---

in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## Substantial Evidence Standard

The Court reviews the Commissioner's final decision to determine whether the Commissioner applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the AC applied an improper standard in evaluating her subjective complaints. Pl.'s Mem. Supp. Mot. Summ. J. 3-5, ECF No. 13-1 (citing *Hines*, 453 F.3d at 563). According to Plaintiff, the AC erred in requiring her to provide objective evidence to substantiate the intensity, persistence, and limiting effects of her subjective complaints. *Id.* at 5. Plaintiff also argues that the AC erroneously assessed her RFC. *Id.* at 5-12. In particular, she maintains that, among other things, the AC erroneously evaluated the opinions of Raphael Dodoo, M.D., her treating physician. *Id.* at 8-9. Plaintiff finally asserts that the ALJ failed to develop properly the administrative record at the administrative hearing. *Id.* at 12-14. For the reasons discussed below, the Court remands this case for further proceedings.

**A.     The ALJ's Duty to Develop the Record**

The Court turns first to Plaintiff's assertion that the ALJ at the hearing failed to develop adequately the administrative record by failing to address the proper time period at issue. *Id.* at 13-14. According to Plaintiff, neither the ALJ nor her attorney asked her a question regarding

the relevant time period. Plaintiff thus maintains that the ALJ failed in her duty to develop the administrative record, depriving her of the opportunity to present adequately her case. "[T]he administrative hearing process is not an adversarial one, and an ALJ has a duty to investigate the facts and develop the record independent of the claimant or his counsel." *Pearson v. Colvin*, 810 F.3d 204, 210 (4th Cir. 2015) (citing *Cook v. Heckler*, 783 F.2d 1168, 1173-74 (4th Cir. 1986)). On the other hand, "the ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994); *see Lehman v. Astrue*, 931 F. Supp. 2d 682, 693 (D. Md. 2013). "Where the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980). "[R]eversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial," however. *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

Here, Plaintiff was represented by counsel at the hearing before the ALJ. R. at 66. "[W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997). "Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development." *Id.* "Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record—indeed, to exhort the ALJ that the case is ready for decision—and later fault the ALJ for not performing a more exhaustive investigation." *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th

8

Cir. 2008). Plaintiff's argument regarding the ALJ's failure to develop the record is thus unavailing.

**B.     The AC's Evaluation of the Treating Physician's Opinion**

Plaintiff also contends that the AC erred in evaluating the opinions of Dr. Dodoo, her treating physician. Pl.'s Mem. Supp. Mot. Summ. J. 8-9, ECF No. 13-1. Dr. Dodoo opined in a questionnaire dated January 13, 2016, that, because of her lumbago, myalgias and myositis, and cervical radiculitis, Plaintiff could (1) lift twenty pounds occasionally and ten pounds frequently; (2) stand and walk for about four hours during an eight-hour day; (3) sit for about four hours during an eight-hour day; (4) sit for fifteen minutes at a time before changing position; and (5) stand for about fifteen minutes before changing position. R. at 898. According to Dr. Dodoo, Plaintiff would have to lie down three times during an eight-hour working shift. R. at 898. Because of Plaintiff's low back pain from spinal arthritis, she could stoop, crouch, and climb stairs occasionally but never climb ladders. R. at 899. Her bilateral carpal tunnel syndrome affected her ability to push, pull, and feel. R. at 899. Plaintiff's symptoms frequently interfered with the attention and concentration required to perform simple work-related tasks. R. at 899. Dr. Dodoo also opined that Plaintiff's impairments would cause her to be absent from work more than four days per month. R. at 899. The AC gave partial weight to Dr. Dodoo's opinions because they "are not consistent with the record as a whole." R. at 19-20. "Most notably, [Plaintiff] has reported being able to care for her infant daughter as well as her own personal needs." R. at 20. "[Plaintiff] has also reported daily walking." R. at 20.

> For claims—like [Plaintiff's]—filed before March 27, 2017, the standards for evaluating medical opinion evidence are set forth in 20 C.F.R. § 404.1527. That regulation defines "medical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." For

> purposes of the regulation, an "acceptable medical source" includes a licensed physician or psychologist. The regulation provides that the ALJ "will evaluate every medical opinion" presented to him, "[r]egardless of its source." Generally, however, more weight is given "to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you."

*Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 255 (4th Cir. 2017) (citations omitted).

> Section 404.1527(c)(2) sets out two rules an ALJ must follow when evaluating a medical opinion from a treating physician. First, it establishes the "treating physician rule," under which the medical opinion of a treating physician is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." Second, if a medical opinion is not entitled to controlling weight under the treating physician rule, an ALJ must consider each of the following factors to determine the weight the opinion should be afforded: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of the treatment relationship"; (3) "[s]upportability," i.e., the extent to which the treating physician "presents relevant evidence to support [the] medical opinion"; (4) "[c]onsistency," i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to "issues related to his or her area of specialty"; and (6) any other factors raised by the parties "which tend to support or contradict the medical opinion."

*Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 384-85 (4th Cir. 2021) (alterations in original) (citations omitted); *see* 20 C.F.R. § 404.1527(c)(2)(i)-(6). While "an ALJ is not required to set forth a detailed factor-by-factor analysis in order to discount a medical opinion from a treating physician, it must nonetheless be apparent from the ALJ's decision that he meaningfully considered *each* of the factors before deciding how much weight to give the opinion." *Dowling*, 986 F.3d at 385.

Here, the AC, "[h]aving considered the objective medical evidence of record," found that Dr. Dodoo's opinions were "not consistent with the record as a whole." The AC failed, however, to "*both* identify evidence that supports [its] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [its] conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)

10

(second alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). The failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Again, the treating physician's opinion "*must* be given controlling weight *unless* it is based on medically unacceptable clinical or laboratory diagnostic techniques or is *contradicted* by the other substantial evidence in the record." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 107 (4th Cir. 2020). The AC's failure to specify the objective evidence to which it referred precludes meaningful review. *See id.* at 106; *Monroe*, 826 F.3d at 191.

The AC found that Dr. Dodoo's opinions were inconsistent with Plaintiff's reported activities of "being able to care for her infant daughter as well as her own personal needs." R. at 20. "A claimant's inability to sustain full-time work due to pain and other symptoms is often consistent with her ability to carry out daily activities," however. *Arakas*, 983 F.3d at 101. Thus, "[a]n ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them." *Woods*, 888 F.3d at 694. In any event, it is not clear how these activities contradict Dr. Dodoo's opinions. Because "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion," the Court remands this case for further proceedings. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Woods*, 888 F.3d at 694). Because the Court remands this case on other grounds, the Court need not address Plaintiff's remaining arguments. In any event, the Commissioner also should address these other issues raised by Plaintiff. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues.").

V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 14) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 13) is **GRANTED**.  Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: March 18, 2021                                       /s/
                                                           Thomas M. DiGirolamo
                                                           United States Magistrate Judge